## Richmond.

### CRUMP v. THE COMMONWEALTH.

### Absent, *Moncure*, P.

1. To convict a person of perjury, the alleged false statement must have been *material* in the judicial proceeding in which it is proved to have been made.

2. An oath by a laboring man, a householder and head of a family, in a proceeding by garnishment to subject his wages, not exceeding $50 per month, due him from his employer, to the lien of a *fi. fa.* execution, that he did not sign a writing purporting to be signed by him, waiving all exemptions, including his claim as a laborer, is *immaterial* in such proceeding, inasmuch as the $50 exemption to laborers, under § 3, ch. 184, C. V. 1873, cannot be waived so as to give a lien by *fi. fa.* thereon.

This was a writ of error to a judgment rendered by the hustings court of the city of Richmond in a prosecution against Nelson Crump for perjury, in which he was convicted, fined $10, and sent to jail for one year. The grounds upon which the prosecution was based are sufficiently stated in the opinion of the court.

Among other instructions asked by the prisoner's counsel were the following:

No. 2. "That if a false oath was to the effect that he did not sign a certain paper, waiving his laborer's exemption, that it was not material."

No. 3. "That his homestead exemption was not in question, and therefore as to that it was immaterial."

Both of which the court refused to give, and the prisoner excepted. The paper alleged to have been signed by the prisoner waiving his exemptions, contained a waiver both of the "homestead" and "laborer's" exemptions.

*Stokes & Smith*, for the prisoner.

*The Attorney-General*, for the Commonwealth.

ANDERSON, J., delivered the opinion of the court.

The court is of opinion that to convict the prisoner, the alleged false statement must have been material in the judicial proceeding.

The proceeding was a summons of garnishment to subject to the lien of a *fieri facias* a debt owing to the prisoner by the garnishee. The prisoner was a married man, householder and head of a family. The debt attempted to be garnisheed was due him for wages as a laboring man, and did not exceed fifty dollars per month. The Commonwealth introduced a writing purporting to be signed by the prisoner, waiving all exemptions, including his claim as laborer. Prisoner testified on his own behalf, and denied that he had signed the said writing. This is the alleged false oath. The matter was not material to the proceeding, because the statute is explicit that a *fieri facias* shall not be a lien on such a claim. Code of 1873, p. 1179, ch. 184, § 3.

A case is cited in Roscoe's Criminal Evidence, 6th American from 6th London edition, p. 760, which is strikingly applicable to this case. It is as follows: "In answer to a bill filed against the defendant for the specific performance of an agreement relating to the purchase of land, the defendant had relied on the statute of frauds (the agreement not being in writing), and had also denied having entered into any such agreement, and upon this denial in his answer he was indicted for perjury; but Abbott C., J., held that the denial of an agreement which by the statute was not binding upon the parties, was wholly immaterial, and the defendant was acquitted."

The question in the proceeding of garnishment, in the case at bar, was, whether the *fi. fa.* was a lien upon the claim due the prisoner from the garnishee. The statute, ch. 184, § 3, Code of 1873, declares that every writ of *fieri facias* hereafter issued, shall be a lien from the time it is delivered to a sheriff or other officer to be executed, upon all the personal estate of the debtor, although not levied on, nor capable of being levied on, except in the case of a husband or parent, such things as are exempt from distress or levy by the 33d and 34th sections of chap. 49 (which is known as the poor debtor's law), and also wages due to a laboring man, being a householder or head of a family, not exceeding fifty dollars a month, &c.

It was entirely immaterial, consequently, whether he signed the paper or not, as no waiver by him could create a lien, when the law declared there should be none, and the proceeding in which it is alleged he swore falsely, was to enforce the supposed lien of the *fi. fa.*, and was the ground upon which it rested.

The court is of opinion, therefore, that the second and third instructions tendered by the prisoner, which were rejected by the court, ought to have been given to the jury, and that the verdict of the jury is clearly contrary to law, and ought to have been set aside and a new trial awarded the prisoner. We deem it unnecessary to notice the other points made by prisoner's counsel. The court is of opinion, therefore, to reverse the judgment of the court below, and to remand for further proceedings to be had therein in conformity with this opinion.

JUDGMENT REVERSED.